UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CALVIN CURTIS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-0951-TAB-JMS |
| | ) | |
| EARNEST MACHINE PRODUCTS CO., | ) | |
|     Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.     Introduction**

Plaintiff Calvin Curtis is a former employee of Defendant Earnest Machine Products, who alleges race and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.  Defendant denies Plaintiff's allegations and moves for summary judgment on several grounds.  One of Defendant's primary challenges to Plaintiff's retaliation claim is Defendant's contention that Plaintiff did not engage in any statutorily protected conduct that relates in any way to this case.  It is undisputed that Plaintiff sent a two-page email to management complaining about his supervisor and raising concerns about sexually inappropriate conduct by a coworker.  However, Plaintiff never complained to his employer about national origin or race discrimination, and as a result Plaintiff's claim that he was terminated for complaining about race and national origin discrimination necessarily must fail.

In addition, Plaintiff wholly fails to show that similarly situated employees who either did not complain, or were not in his protected class, were treated more favorably.  Defendant

1

points to thirteen other employees who were terminated for misconduct, and Plaintiff does nothing to address this argument. Instead, Plaintiff makes a misguided effort to compare himself to his supervisor, who is not similarly situated to Plaintiff for comparison purposes. For these reasons, and for others discussed below, summary judgment in favor of Defendant is appropriate.

## II.     Background

Plaintiff, an African American, worked for Defendant as a distribution associate. [Docket No. 1 at 2.] On January 26, 2011, Plaintiff sent a two-page email complaint to Defendant's human resource manager, Sally Reynolds, and two other managers, raising concerns about Plaintiff's supervisor, Walter Blunt. [Docket No. 27-4.] Among other topics, Plaintiff complained that a male employee made "sexual gestures and overtones" in the break room in front of other employees, including a female employee. [*Id.*] The email states that Plaintiff "made it known" to Blunt that "something had to be done about that" and that Blunt "finally agreed that it was disrespectful." [*Id.*] The email does not mention racial discrimination or race in any manner. [*Id.*]

Reynolds investigated Plaintiff's allegations, which included asking several employees whether they or other employees had been subjected to discrimination. [Docket No. 30 at 4.] Reynolds and Blunt met with Plaintiff to address his allegations, which resulted in an argument between Plaintiff and Blunt. [*Id.* at 5; Docket No. 26 at 4.] Defendant terminated Plaintiff on February 9, 2011, citing Plaintiff's behavior during the meeting, multiple unexcused absences, tardiness, and slow and incorrect work performance as the bases for termination. [Docket No. 26 at 4–6.]

**III.     Discussion**

   *A.     Retaliation*

A plaintiff may prove retaliation directly or under the indirect burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "To avoid summary judgment on a retaliation claim under the direct method, [the plaintiff] must produce evidence from which a jury could conclude: (1) that she engaged in a statutorily protected activity; (2) that she suffered a materially adverse action by her employer; and (3) there was a causal link between the two." *Hoppe v. Lewis Univ.*, 692 F.3d 833, 841 (7th Cir. 2012). "Under the indirect, burden-shifting approach, [Plaintiff] may establish a prima facie case of retaliation by showing that: (1) he engaged in a statutorily protected activity; (2) he met his employer's legitimate expectations, i.e., he was performing his job satisfactorily; (3) he suffered a materially adverse action; and (4) he was treated less favorably than some similarly situated employee who did not engage in the statutorily protected activity." *Harper v. C.R. England, Inc.*, 687 F.3d 297, 309 (7th Cir. 2012). "Once a plaintiff has established a prima facie case, the burden shifts to the defendant to articulate a non-discriminatory reason for discharging the plaintiff." *Id.* "If the defendant meets its burden, the burden shifts back to the plaintiff to show that a genuine issue of material fact exists as to whether the defendant's proffered reason was pretextual." *Id.*

   1.     Statutorily protected activity

A retaliation claim under the direct and indirect methods requires that the plaintiff engage in a statutorily protected activity. *Silverman v. Bd. of Educ. of City of Chi.*, 637 F.3d 729, 742 (7th Cir. 2011). "Although filing an official complaint with an employer may constitute [a] statutorily protected activity . . . , the complaint must indicate the discrimination occurred

3

because of sex, race, national origin, or some other protected class." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006). "Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Id.* at 663–64.

Plaintiff alleges that his retaliation claim is based on his "voiced opposition to Defendant's practices and conduct which she [sic] reasonably believed to be discriminatory on the basis of race and/or national origin." [Docket No. 1 at 3, ¶ 13.] It is undisputed that Plaintiff filed a complaint with Defendant when he sent a two-page email to Reynolds and other management. However, Defendant contends that Plaintiff failed to complain that discrimination occurred because of race or national origin. The Court agrees. The email complains about Blunt's management style and work habits, such as inappropriately leaving the warehouse, failing to show up for portions of his shift, forgetting Plaintiff's work schedule, and inappropriately assigning work. [Docket No. 27-4.] General allegations such as these are insufficient to trigger protected activity protections. *See Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1147 (7th Cir. 1997) (holding that the plaintiff's general complaint about management style without raising the subject of a protected activity under Title VII fails to constitute protected activity).

While the email asserts that Blunt has personal issues with Plaintiff and continues to single him out, the email does not assert that these issues were related to Plaintiff's race or national origin. [Docket No. 27-4.] *See Tomanovich*, 457 F.3d at 664 (complaining of harassment but failing to complain that the harassment was based on sex does not constitute a protected activity). Similarly, merely stating that Plaintiff alerted legal counsel to his personal

issues with Blunt does not raise any inference of race or national origin discrimination. Consulting with legal counsel could be related to numerous other legal issues not involving race or national origin. Simply put, the email does not mention race or national origin in any manner. Therefore, Plaintiff failed to engage in a statutorily protected activity related to race and national origin, which is the type of retaliation Plaintiff alleges in his complaint.

Plaintiff attempts to clarify the email's vague allegations that fail to reference race or national origin by citing portions of Reynolds's deposition that assert the email led to an investigation involving allegations of discrimination. [Docket No. 30 at 10.] While Reynolds testified that she was asking employees about discrimination, the testimony cited by Plaintiff does not indicate that she was investigating allegations of race or national origin discrimination. [*Id.* at 4.] On the contrary, Reynolds testified that she could not speak to whether Plaintiff felt he was being discriminated against "because the content of his letter that he sent us really doesn't claim any kind of discrimination." [Docket No. 30-2 at 13.] Considering Reynolds's testimony, it is unreasonable to infer that Reynolds's investigation was related to race or national origin discrimination. Thus, even assuming that evidence outside the email is permitted for clarification, Reynolds's deposition fails to clarify that Plaintiff was complaining about race or national origin discrimination.

Although Plaintiff did not engage in a statutorily protected activity related to his race or national origin, Plaintiff's email raises a significant allegation related to sexual harassment. Plaintiff complained that a male employee made "sexual gestures and overtones" in the break room in front of other employees, including a female employee, and Blunt did not take any action. [Docket No. 27-4.] While the complaint of sexual harassment qualifies as a protected

activity, Plaintiff's retaliation claim is not related to sexual harassment. There is no reference in the complaint to any incident or complaint of sexual harassment. [Docket No. 1.] Instead, Plaintiff only alleges that his retaliation claim is based on his "voiced opposition to Defendant's practices and conduct which she [sic] reasonably believed to be discriminatory on the basis of race and/or national origin." [*Id.* at 3, ¶ 13.]

Additionally, Plaintiff does not contest Defendant's representation [Docket No. 31 at 4] that Plaintiff's EEOC charge did not assert any allegation related to sexual harassment. *See Conner v. Ill. Dep't of Nat'l Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (concluding that the district court was correct in rejecting claims outside the scope of the EEOC charge). Although Plaintiff did not file the EEOC charge with his complaint, Plaintiff could have submitted the EEOC charge to contest this point but he did not. *See* S.D. Ind. L.R. 56-1(d) ("A party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply . . . .").

In summary, Plaintiff did not engage in any statutorily protected conduct that relates in any way to this case. Despite complaining about sexual harassment, Plaintiff's retaliation claim only alleges that he complained of race and national origin discrimination—an allegation not supported by his email complaint. If Plaintiff wanted to assert a retaliation claim related to sexual harassment, the proper approach would have been to raise the issue before the EEOC and in the complaint rather than inappropriately raising the issue for the first time in response to summary judgment. *See E.E.O.C. v. Lee's Log Cabin, Inc.*, 546 F.3d 438, 443 (7th Cir. 2008) (holding that the very first mention of facts in a response brief for summary judgment entitled the court to regard the claim as "too late to change so basic a factual premise in a case."); *Conner*

*v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 679 (7th Cir. 2005) (affirming a decision to disregard a claim raised for the first time in a response to summary judgment); *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002) ("[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."). Accordingly, Plaintiff's retaliation claim fails as a matter of law under the direct and indirect methods of proof.

        2.        Causal connection

The causal connection prong serves as an additional basis to reject Plaintiff's retaliation claim under the direct method of proof. The direct method enables a plaintiff to establish causation by presenting direct evidence of discriminatory intent or a "convincing mosaic" of circumstantial evidence that would allow a reasonable trier of fact to infer that discriminatory intent motivated the adverse employment action. *Hanners v. Trent*, 674 F.3d 683, 691–92 (7th Cir. 2012); *Silverman v. Bd. of Educ. of City of Chi.*, 637 F.3d 729, 733–34 (7th Cir. 2011). Direct evidence "usually requires an admission from the decisionmaker about his discriminatory animus, which is rare indeed." *Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1114 (7th Cir. 2009). Circumstantial evidence includes three types of evidence: "(1) suspicious timing, ambiguous statements (oral or written) and other 'bits and pieces' from which an inference of retaliatory intent might be drawn; (2) evidence that similarly situated employees were treated differently; and (3) evidence that the employer offered a pretextual reason for an adverse employment action." *Anderson v. Donahoe*, ___ F.3d ___, 2012 WL 5275254, at * 5 (7th Cir. Oct. 26, 2012).

Plaintiff only argues that there is "an admission by the decision-maker that his/her actions were based on a prohibited animus." [Docket No. 30 at 11.] Plaintiff, however, does not

7

identify a decisionmaker's admission of discriminatory animus that is related to Plaintiff's race or national origin. Rather, Plaintiff asserts that "just one day prior to Curtis's Email Complaint, Defendant became concerned when Curtis asked in an e-mail 'Do I need to talk to an attorney?'" [*Id.*] Reynolds testified that she believed the question was a "veiled threat against the company." [*Id.*] Plaintiff concludes by asserting that these "comments meet the criteria of both (1) being made by a decision-maker or someone who provides input into the decision, and (2) being related to the employment action complained of." [*Id.*]

While Reynolds is a decisionmaker, Plaintiff does not specify how these comments are related to a prohibited discriminatory animus. There is no evidence that Plaintiff consulted with an attorney about race or national origin discrimination. Plaintiff could have consulted with an attorney for numerous other reasons. Moreover, Reynolds's deposition indicates that the perceived threat was not related to race or national origin discrimination, but was simply because she believes that "any time a person talks to an attorney about his or her rights the company feels that's a threat." [Docket No. 30-2 at 13.] Thus, Plaintiff fails to identify an admission related to a prohibited discriminatory animus.

Plaintiff does not expressly claim circumstantial evidence exists, but arguably discusses circumstantial evidence related to suspicious timing by referencing the timing of his complaint and termination. [Docket No. 30 at 11.] "[T]emporal proximity between an employee's protected activity and an adverse employment action is rarely sufficient to show that the former caused the latter." *Coleman v. Donahoe*, 667 F.3d 835, 860 (7th Cir. 2012). But the Court need not determine if this case is one of those rare exceptions. To the extent that Plaintiff may be attempting to assert a suspicious-timing claim, he does so in an undeveloped, half-page argument

that fails to cite any case law related to suspicious timing. Such undeveloped arguments are waived. *See Wehrs v. Wells*, 688 F.3d 886, 891 n.2 (7th Cir. 2012) (undeveloped and unsupported arguments are considered waived); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (undeveloped arguments and arguments unsupported by pertinent authority are waived). Accordingly, the causal connection prong serves as an additional basis to deny Plaintiff's retaliation claim under the direct method of proof.

    3.    Similarly situated

With respect to the indirect method of proof, Plaintiff fails to make a prima facie showing that a similarly situated employee outside of the protected class was treated more favorably. Whether an employee is similarly situated is typically a question for the fact finder, and summary judgment is appropriate only when "no reasonable fact-finder could find that plaintiffs have met their burden on the issue." *Coleman v. Donahoe*, 667 F.3d 835, 846–47 (7th Cir. 2012).

"In the usual case a plaintiff must at least show that the comparators (1) dealt with the same supervisor, (2) were subject to the same standards, and (3) engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Id.* at 847 (internal quotation marks omitted). In *Coleman*, the Seventh Circuit loosened what was usually a rigid comparator standard and compared coworkers with different immediate supervisors, job titles, and duties. *Good v. Univ. of Chi. Med. Ctr.*, 673 F.3d 670, 676 (7th Cir. 2012) (citing *Coleman*, 667 F.3d at 847–52)). While *Coleman* recognized that "employees need not be carbon copies, nor must they be 'identical in every conceivable way' in order to provide a useful comparator," the distinctions between

comparators must not be "material in that they go to the heart of why [Plaintiff] received different treatment." *Naficy v. Ill. Dep't of Human Sevs.*, 697 F.3d 504, 512 (7th Cir. 2012).

Plaintiff asserts that he and numerous employees were seeking work elsewhere, but Blunt only sought to replace him. [Docket No. 30 at 13.] This assertion is too vague to make any meaningful comparison. Plaintiff fails to identify specific employees, whether these employees held similar positions or possessed similar qualifications, whether these employees' attempts to seek other employment were similar to Plaintiff's attempts, and whether these employees were African American. Without these essential facts, no meaningful comparison can be made. *See Torres v. Bremen Casting, Inc.*, No. 3:11-CV-035, 2012 WL 4498876, at *6 (N.D. Ind. Sept. 28, 2012) ("Plaintiff fails to reference any similarly situated employee by name (or even by job description) and fails to provide any relevant details in support of his position. Simply put, the record does not show that this vague 'trio' of employees was similarly situated to Plaintiff, as Plaintiff does not provide any evidence whatsoever of a non-Hispanic employee with three violations who was not terminated.").

Implying that Reynolds treated Plaintiff and Blunt differently, Plaintiff also argues that Reynolds admits that she became upset when she read Plaintiff's email, but took no actions against Blunt. [Docket No. 30 at 13.] This argument fails at several levels. First, there are significant dissimilarities between Plaintiff's and Blunt's asserted misconduct. Plaintiff was allegedly terminated because of his behavior during the meeting with Reynolds and Blunt, multiple unexcused absences, tardiness, and slow and incorrect work performance. [Docket No. 26 at 4–6.] Blunt apparently was terminated because of a lack of communication with his supervisor and an inability to lead his team. [Docket No. 27-1 at 3.]

Second, Plaintiff's comparison is problematic because he is attempting to compare himself to his supervisor. *See Johnson v. Holder*, ___ F.3d ___, 2012 WL 5457517, at *3 (7th Cir. Nov. 9, 2012) ("Bithos was a supervisor, not a legal assistant like Ms. Johnson . . . ."); *Simmons v. Chi. Bd. of Educ.*, No. 97-CV-5451, 2000 WL 1720958, at *5 (N.D. Ill. Nov. 16, 2000) ("Mr. Gotsch, as plaintiff's boss, is not a similarly situated employee."). Third, even if Blunt were similarly situated to Plaintiff, Defendant identifies thirteen former employees who were terminated for misconduct, including Blunt. [Docket No. 27-1 at 2–3.]

Plaintiff fails to address this evidence in any way, much less meaningfully. Plaintiff's entire argument on the issue of similarly situated employees consists of less than one full page of text, including a block quote from *Coleman*. [Docket No. 30 at 12–13.] Plaintiff directs only two short paragraphs to any actual discussion of similarly situated employees, but even this meager analysis is devoid of any mention of the supposedly comparable employees and whether they are African American. Plaintiff abruptly concludes this truncated portion of his brief by proclaiming, "Curtis has shown that similarly-situated employees of Defendant were treated more favorably than him in establishing his *prima facie* case in this matter." [*Id.* at 13.] Plaintiff has shown nothing of the sort, and this shortcoming further supports granting summary judgment for Defendant.[1]

    B.    *Discrimination*

In a disparate treatment case under Title VII or § 1981, a plaintiff may prove discrimination directly or indirectly. *Coleman*, 667 F.3d at 845; *Sublett v. John Wiley & Sons,*

---

[1] In light of these shortcomings, the Court need not inquire into whether Plaintiff satisfied Defendant's legitimate job expectations and whether the reasons for termination were pretextual. The same applies to the analysis of the discrimination claim discussed below.

*Inc.*, 463 F.3d 731, 736 (7th Cir. 2006). "Under the 'direct method,' the plaintiff may avoid summary judgment by presenting sufficient evidence, either direct or circumstantial, that the employer's discriminatory animus motivated an adverse employment action." *Coleman*, 463 F.3d at 845. Under the indirect method, a plaintiff establishes a prima facie case of discrimination by offering evidence that: "(1) she is a member of a protected class, (2) her job performance met [the employer's] legitimate expectations, (3) she suffered an adverse employment action, and (4) another similarly situated individual who was not in the protected class was treated more favorably than the plaintiff." *Id.* Once a prima facie case is established, there is a presumption of discrimination and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. *Id.* "When the employer does so, the burden shifts back to the plaintiff, who must present evidence that the stated reason is a 'pretext,' which in turn permits an inference of unlawful discrimination." *Id.*

Despite well-established Seventh Circuit precedent placing the initial burden on Plaintiff to establish a prima facie case, Plaintiff fails to articulate any meaningful argument related to this burden. At the outset of Plaintiff's response to summary judgment, Plaintiff only claims to have evidence to support a prima facie case of retaliation and "conversion," the latter of which is not alleged in the complaint and which Plaintiff mysteriously mentions for the first time in his summary judgment response. [Docket No. 30 at 1.] Plaintiff's response makes no reference to a discrimination claim. [*Id.*] Later in his response, Plaintiff discusses the general standard for disparate treatment cases. [*Id.* at 30–31.] However, nowhere in his response does Plaintiff make any argument related to disparate treatment. Instead, Plaintiff's entire argument focuses on his retaliation claim [*Id.* at 9–16], and Plaintiff's conclusion only asserts that "Defendant is not

12

entitled to judgment as matter of law with respect to Curtis's claim for retaliation." [*Id.* at 16.]

Failing to address the discrimination claim may be partially due to Defendant's jumbled analysis of the discrimination and retaliation claims. But despite any lack of clarity by Defendant, Defendant's argument adequately challenges the sufficiency of the discrimination claim. For example, Defendant asserts that "neither Reynolds nor Blunt ever observed any person at Earnest acting in a discriminatory manner toward Plaintiff based on Plaintiff's race or national origin" and "Plaintiff has put forth no evidence that Earnest's reason for terminating him was pretextual or because Plaintiff is African-American." [Docket No. 26 at 16–17.] Additionally, while more clarity would have been preferable, Defendant unquestionably requests summary judgment on all claims. [Docket No. 15; Docket No. 26 at 17.] These assertions are sufficient to trigger Plaintiff's burden to set forth a prima facie case.

Plaintiff has not even come close to satisfying this burden due to his undeveloped and seemingly absent disparate treatment analysis. *See Wehrs v. Wells*, 688 F.3d 886, 891 n.2 (7th Cir. 2012) (undeveloped and unsupported arguments are considered waived); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (undeveloped arguments and arguments unsupported by pertinent authority are waived). Moreover, as discussed with the retaliation claim, Plaintiff's email does not provide any evidence of race or national origin discrimination and Plaintiff otherwise does not provide any adequate examples. Under the indirect method, Plaintiff also fails to sufficiently identify a similarly situated employee who was treated more favorably. Therefore, Plaintiff's discrimination claim also does not survive summary judgment.

**IV.     Conclusion**

As set forth above, Plaintiff's retaliation and discrimination claims fail in several respects. Accordingly, Defendant's motion for summary judgment [Docket No. 25] is granted. Judgment in favor Defendant Earnest Machine Products and against Plaintiff Calvin Curtis shall issue accordingly.

DATED:  11/20/2012

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Marci D. Guevara
KIGHTLINGER & GRAY
mguevara@k-glaw.com

Robert M. Kelso
KIGHTLINGER & GRAY
rkelso@k-glaw.com

Joel Samuel Paul
RAMEY & HAILEY
joel@rameyandhaileylaw.com